**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-50001
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO CARDOZA-PUENTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2727-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Arturo Cardoza-Puente (Cardoza) pleaded guilty to illegally reentering the United States after deportation. He was sentenced to an 80-month term of imprisonment, within the advisory range provided by the Sentencing Guidelines. Cardoza argues that his sentence is unreasonable because the Guidelines overstated the seriousness of his offense and failed to take into account the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitigating nature of his cultural assimilation and his motive for returning to the United States.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Cardoza presented his concerns at length in his written objections and at his sentencing hearing, arguing that certain facts mitigated his guilt and that the 16-level enhancement resulted in a unduly harsh sentencing range under § 3553(a). The Government argued that the § 3553(a) factors supported a sentence within the guideline range, especially given Cardoza's lengthy criminal history and recent theft offense. The district court listened to these arguments and found that a sentence within the guideline range was sufficient but not greater than necessary to achieve the goals of § 3553(a).

Because it is within the guidelines range, Cardoza's sentence is entitled to a presumption of reasonableness, *see United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), and Cardoza has shown no good reason for us to disturb it. *See Gall*, 128 S. Ct. at 597 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court").

Cardoza acknowledges that two additional arguments that he raises are foreclosed. He argues that the appellate presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 lacked an empirical foundation, and that the guidelines range reflected an unwarranted disparity between defendants who can participate in a fast-track program and defendants who cannot. As Cardoza concedes, we have previously rejected such claims. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099); *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.